Robert A. **HEIMBAUGH,** Plaintiff,

v.

**CITY AND COUNTY OF SAN FRANCISCO, Dianne Feinstein, Arlo Smith, San Francisco Recreation and Park Department, San Francisco Parks and Planning Committee, Thomas Malloy, Fred Reid, Hal Flinn, Bernard Barron, Joseph Bestresky, Kevin Shea, San Francisco Police Officers Stars No's 718, 1238, 578, 1581, Louis Landini, Barney Debisschop, California Baseball Association, Does I–M, Defendants.**

No. C–84–1039–WWS.

United States District Court, N.D. California.

Sept. 7, 1984.

Robert A. Heimbaugh, in pro per.

Gregory M. Fox, Deputy City Atty., San Francisco, Cal., for defendants.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

Plaintiff, Robert Heimbaugh, appearing on his own behalf, complains that defendants, the City and County of San Francisco and its elected officials and employees, are interfering with plaintiff's softball playing at Golden Gate Park. As a consequence, plaintiff alleges that he has been deprived of his rights under the First, Fourth and Fourteenth Amendments. Plaintiff seeks both declaratory and injunctive relief as well as damages for a number of alleged torts suffered by him. The Court will treat the complaint as brought under the First, Fourth and Fourteenth Amendments pursuant to § 1983. Defendants now move for summary judgment.[1] Defendants also seek attorneys fees pursuant to Rule 11.[2]

The motion for summary judgment is granted. First, plaintiff does not allege any facts suggesting communicative expression or symbolic conduct sufficient to fall within the scope of the First Amendment. Second, even if plaintiff's softball playing were symbolic speech protected by the First Amendment, expression, whether oral, written or symbolized by conduct, is subject to reasonable time, place and manner restrictions. Third, plaintiff cannot claim that the City's classification of baseball players and softball players violates the equal protection clause because the classification is rationally related to a legitimate government interest. Fourth, plaintiff's complaint fails to allege any facts to support his Fourth Amendment claim. Finally, plaintiff cannot state a claim against the City and County of San Francisco for the various torts allegedly committed against him because § 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties arising out of tort law. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Redress for defendants' alleged tortious conduct would lie only in state court under traditional tort law principles, if it lies anywhere.

## FACTS

The following facts are undisputed. On September 4, 1982, plaintiff was playing softball in an area of Golden Gate Park posted under Article 6, § 3.02 of the San Francisco Park Code as prohibited for softball playing. Officers of the San Francisco Police Department informed plaintiff he was in violation of Park Code § 3.02 and that he could not play in the area. Plaintiff refused to leave and stated he wished to be cited. The officers informed plaintiff of the law and the citation procedure. Following plaintiff's repeated request, the police issued him a citation. Plaintiff was then arrested following his refusal to sign the citation.

## DISCUSSION

### A. *No Symbolic Speech*

On defendants' motion for summary judgment the evidence is construed in the light most favorable to plaintiff and plaintiff is given the benefit of all favorable inferences. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

It is well settled that a message may be conveyed by symbolic conduct that is intended to be communicative and that, in context, would reasonably be understood by the viewer to be communicative. *Clark v. Community for Creative Non-Violence,* — U.S. ——, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984); *Spence v. Washington,* 418

---

**1.** Because both parties refer to facts outside the pleadings, this motion is properly treated as one for summary judgment pursuant to Rule 56 rather than as a motion to dismiss under Rule 12(b)(6).

**2.** Inasmuch as Local Rule 110-3 sets forth a standard of professional conduct but does not provide for monetary sanctions in the event of a violation, the request for attorneys fees is more appropriately considered in the context of Rule 11.

U.S. 405, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974); *Tinker v. Des Moines School District*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Plaintiff claims that by playing softball "they [plaintiff and his friends] are making a statement about the right to democracy in recreation as opposed to elitism." Although the Supreme Court has not provided explicit standards to evaluate whether conduct is sufficiently communicative to fall within the ambit of the First Amendment,[3] *Spence v. Washington, supra,* lists several factors relevant to the evaluation: the nature of the activity; the context and environment in which the activity was undertaken; whether there was an intent to convey a message; and whether, under the circumstances, there was a likelihood that the message would be understood by those who viewed it.

■ Plaintiff's softball playing in, the context, has not been shown to have been intended to convey a message. Even if it was so intended, there is no indication that persons observing plaintiff playing softball in Golden Gate Park would understand his conduct to be a message "about the right to democracy in recreation as opposed to elitism."

### B. *Time, Place and Manner Restrictions*

■ Assuming *arguendo* that plaintiff's activity is symbolic speech entitled to First Amendment protection, the Park Code provision meets the requirements for a reasonable time, place and manner restriction of expression. Time, place and manner restrictions are valid "provided that they are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." *Clark v. Community for Creative Non-Violence,* 104 S.Ct. at 3069. Here the Park Code is content neutral, it is tailored to serve a significant governmental interest in safety,

and the park provided an alternative playing field, thus leaving open an "ample alternative channel" for whatever message plaintiff purports to convey by playing softball.

### C. *Equal Protection*

Plaintiff's Fourteenth Amendment claim is an equal protection claim. In essence, plaintiff contends that the City is not making its facilities available in an equal manner and that the distinction between baseball players and softball players is arbitrary and invidious. The Constitution does not, however, require that laws treat every individual exactly alike to withstand constitutional attack. *Sayler Land Co. v. Tulare Basin Water Storage Dist.,* 410 U.S. 719, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973).

■ In equal protection cases, "the crucial question is whether there is an appropriate governmental interest suitably furthered by the differential treatment." *Police Department of Chicago v. Mosley,* 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972). Here the Park Code's distinction between softball and baseball players is narrowly tailored to advance an appropriate governmental interest in avoiding accidents resulting from playing hardball and softball in an area that is too small for both. *See Besig v. Dolphin Boating and Swimming Club,* 683 F.2d 1271 (9th Cir. 1982), which, though relied on by plaintiff, clearly repudiates his claim.

### D. *Fourth Amendment*

Plaintiff's complaint fails to allege any facts in support of his Fourth Amendment claim. His assertion that his Fourth Amendment rights were violated is merely an unsupported conclusory allegation.

### E. *No § 1983 Liability for Violation of Duties Arising Out of Tort Law*

■ Section 1983 imposes liability for violations of rights protected by the Consti-

---

**3.** The Supreme Court most recently declined to create a rule that all conduct is presumptively

expressive. *Clark,* 104 S.Ct. at 3069 fn. 5.

tution, not for violations of duties of care arising out of tort law. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). "Remedy for the latter type of injury must be sought in state court under traditional tort law principles." 443 U.S. at 146, 99 S.Ct. at 2695–96. On this basis, the Ninth Circuit rejected a claim under § 1983 based on defamation, invasion of privacy and conspiracy. *Havas v. Thornton,* 606 F.2d 372 (9th Cir.1979); see also *Bretz v. Kelman,* 722 F.2d 503 (9th Cir.1983) (facts alleging the common law tort of malicious prosecution alone are insufficient to state a deprivation of constitutional rights.) Plaintiff's proper recourse is to seek remedy in state court.

F. *Attorneys Fees*

■ Rule 11 provides in relevant part: The signature of an attorney or party constitutes certificate by him ... that to the best of his knowledge, information and belief formed after reasonable inquiry [the pleading or motion] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Plaintiff's claim is entirely unwarranted by existing law or a good faith argument for modification or extension of existing law. It is frivolous on its face.

While plaintiff appears in pro per, he is schooled in the law, having recently completed law school and taken the bar examination. There is every reason to hold him to the certification he made by signing the pleadings he has filed in this action.

The motion for summary judgment is granted. Taking into consideration plaintiff's economic situation and inexperience, he is ordered to pay defendants on account of their reasonable expenses incurred in making this motion the amount of $50.00.

IT IS SO ORDERED.