235 N.J. Super. 67 (1989)
561 A.2d 642
LARRY S. LOIGMAN, PLAINTIFF-APPELLANT,
v.
MASSACHUSETTS BAY INSURANCE CO.; HANOVER INSURANCE COMPANIES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1989.
Decided July 17, 1989.
*68 Before Judges KING, ASHBEY and SKILLMAN.
James M. Andrews argued the cause for appellant (Kalb, Friedman, Siegelbaum & Moran, attorneys, Larry S. Loigman, on the brief).
Margaret L. Algarotti argued the cause for respondents (Monte & Marriott, attorneys, Jamie S. Perri, of counsel and on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
In this case the plaintiff seeks to recover an $8,500 sanction entered against him in Federal District Court under F.R.Civ.P. 11 from his homeowner's insurer under the "personal injury" feature of that liability policy. United States District Court Judge Anne Thompson entered the sanction after finding that an employment discrimination claim filed by the plaintiff was frivolous and vexatious. We conclude that the award against the plaintiff by the judge was an entirely punitive sanction and that our public policy precludes the plaintiff from recovering that sum from his liability insurer.
*69 The plaintiff, Larry S. Loigman (Loigman), is an attorney licensed to practice law in New Jersey. In 1981 he applied for a position as a police officer in Middletown Township. He did not get the job. In 1982 he filed complaints with the New Jersey Division on Civil Rights (the Division) and the New Jersey Civil Service Commission (the Civil Service). He also filed a complaint with the Equal Employment Opportunity Commission (EEOC). The Civil Service complaint was dismissed on procedural grounds. In the Division, a five-day hearing before Administrative Law Judge Lavery resulted in a determination adverse to Loigman. The Director of the Division reviewed the matter and upheld the ruling in favor of Middletown Township. An appeal to this court from the Division was dismissed because Loigman did not obtain and file a transcript of the administrative hearing.
On January 28, 1987 Loigman filed a complaint in the United States District Court against Middletown Township (Middletown), its Township Committee, the Department of Personnel of the State of New Jersey, and Kerry Parker, Esquire (Parker). The suit alleged religious discrimination and sought damages, injunctive relief and attorney's fees. Loigman alleged that Parker, Middletown's attorney, had presented perjured testimony against him at the State-level administrative hearing. Federal Judge Thompson granted the defendants' motions for summary judgment and dismissed this action. Parker also sought and obtained sanctions under F.R.Civ.P. 11 amounting to $8,500.
Loigman forwarded the Rule 11 application to The Hanover Insurance Companies (Hanover), the defendants here, and requested a defense. Hanover declined coverage under the comprehensive personal liability feature of his homeowner's policy. Loigman then unsuccessfully opposed the Rule 11 application himself.
The homeowner's insurance policy upon which Loigman sought coverage in relevant part under "Coverage E  Personal *70 Liability," in addition to the standard insuring agreement, provided:
For an additional premium,[1] under Coverage E  Personal Liability, the definition bodily injury is amended to include personal injury.
"Personal injury" means injury arising out of one of more of the following offenses:
1. false arrest, detention or imprisonment, or malicious prosecution;
2. libel, slander or defamation of character; or
3. invasion of privacy, wrongful eviction or wrongful entry.
Section II Exclusions do not apply to personal injury. Personal injury insurance does not apply to:
1. liability assumed by the insured under any contract or agreement except any indemnity obligation assumed by the insured under a written contract directly relating to the ownership, maintenance or use of the premises;
2. injury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any insured;
3. injury sustained by any person as a result of an offense directly or indirectly related to the employment of this person by the insured;
4. injury arising out of the business pursuits of any insured; or
5. civic or public activities performed for pay by any insured.
All other provisions of this policy apply.
After the award of the Rule 11 sanction for $8,500, Loigman brought this suit seeking a declaration that the homeowner's policy provided coverage for that sanction. Judge Labrecque granted summary judgment against Loigman in this action concluding "that the sanctions imposed by Judge Thompson were punitive and uninsurable."
F.R.Civ.P. 11 provides,
Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstance is abolished. The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief *71 formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
F.R.Civ.P. 11 was adopted in August 1983 because its predecessor "had been largely ineffective as a weapon against wasteful and abusive litigation tactics." Lieb v. Topstone Industries, Inc., 788 F.2d 151, 157 (3d Cir.1986). F.R.Civ.P. 11 is intended
to discourage pleadings that are "frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986); see also Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535 (3d Cir.1985). "Simply put, subjective good faith no longer provides the safe harbor it once did." Eastway Const. Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir.1985). Rather, "[t]he test is now an objective one of reasonableness." Eavenson, 775 F.2d at 540. See also In re TCI Ltd., 769 F.2d 441, 445 (7th Cir.1985).
The pleader may not escape liability because he did not intend to bring about additional delay or expense. If reasonable preparatory steps would have avoided those consequences, sanctions are appropriate. "There is no room for a pure heart, empty head defense under Rule 11." Schwarzer, Sanctions Under the New Federal Rule 11  A Closer Look, 104 F.R.D. 181, 187 (1985). [Lieb, 788 F.2d at 157.]
The 1983 amendment of F.R.Civ.P. 11 contained another material change by stating that the "court ... shall impose ... an appropriate sanction." As the Third Circuit said in Lieb, "[T]he use of `shall' was deliberate and carefully considered, and was intended to overcome the reluctance of courts to assess sanctions against erring counsel and parties." 788 F.2d at 157. The Rule's tone "makes clear that although trial judges still retain substantial discretion, its exercise is now directed more to the nature and extent of sanctions than to initial *72 imposition." Ibid. Discussing the "sanctions," under the 1983 amendment, the Advisory Committee wrote:
The text of the amended rule seeks to dispel apprehensions that efforts to obtain enforcement will be fruitless by insuring that the rule will be applied when properly invoked. The word "sanctions" in the caption, for example, stresses the deterrent orientation in dealing with improper pleadings, motions or other papers. This corresponds to the approach in imposing sanctions for discovery abuses.... [Citation omitted.]
....
If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both.... Although Rule 11 has been silent on the point, courts have claimed the power to impose sanctions on an attorney personally, either by imposing costs or employing the contempt technique. [1 Moore's Federal Practice (1989) R. 11 at 116.]
The grounds for the summary judgment motions and Rule 11 sanctions in the federal court in this case were based on Loigman's deposition. This deposition demonstrated that Loigman had no evidence that Parker had suborned perjury in the State administrative action. Loigman did not even oppose the merits of the motions for summary judgment in the Federal action. At the hearing on the motions, Judge Thompson said:
The Court has reviewed the papers submitted on both sides and considered the arguments or absence of arguments and the Court finds that the Township and Township Committee are entitled to summary judgment, the plaintiff having failed to address the motion setting forth facts to support the claims and allegations and there was no indication what discovery was to be pursued. There was no view that the plaintiff would be able to support his claims.
The motion for summary judgment on behalf of Kerry Parker is unopposed. That will be granted.
In her supplemental memorandum and order addressing the request for Rule 11 sanctions, Judge Thompson wrote:
Mr. Loigman raises several other objections to the requested fees; objections which are sophistic and irrelevant to the issue before the court. The hourly rate charged by defendant's counsel is totally consistent with the rates charged by similarly situated attorneys and the plaintiff's argument to secure for himself the lower billing rate charged by the defendant's attorney to special clients is meritless.
Plaintiff further argues that there is no evidence that Parker is personally liable to the law firm for the amount sought in this application, and consequently Loigman should not be charged for that amount. This argument fails to take *73 into account the disciplinary objective behind the imposition of sanctions pursuant to Rule 11.
In this lawsuit plaintiff's claim against Parker was totally devoid of any factual basis. The plaintiff, as an attorney, knew or should have known that his allegations were baseless and that Rule 11 sanctions are appropriate in such situations. Lieb v. Topstone Industries, Inc., 788 F.2d 151, 157 (3d Cir. 1986). The plaintiff does not dispute the fact that his claim was unsubstantiated. He did not oppose the grant of summary judgment to defendant Parker. Furthermore, he refused to withdraw his claim thereby requiring Parker to assert a defense. Such behavior is unconscionable by an attorney and an officer of the court.
In deciding the amount of sanctions we should impose against the plaintiff in this case we are to be guided by the Rule's limitation to "reasonable" fees. FED.R.CIV.P. 11. Defendant's counsel seeks an award of $14,432.95, which is based on approximately 129 hours of work billed at rates ranging from $90 to $185 per hour. In the particular context of this case we will award fees in the amount of $8,500. The court concludes that this amount is commensurate with the violation we seek to sanction. While we appreciate the perspective from which the law firm approached the lawsuit filed by Loigman, we must also take into account plaintiff's personal situation, the egregiousness of his conduct and the relative burden imposed on the defendant. See e.g., In re Itel Securities Litigation, 596 F. Supp. 226, 235 (N.D. Cal. 1984), aff'd 791 F.2d 672 (9th Cir.1986) and Heimbaugh v. City and County of San Francisco, 591 F. Supp. 1573, 1577 (N.D.Cal. 1984). Giving due consideration to these factors the court shall order the plaintiff to pay over to the defendant $8,500 in reasonable attorney fees under Rule 11. [Emphasis supplied.]
In this context, we totally agree with Judge Labrecque's conclusion that "the sanctions imposed by Judge Thompson were punitive in nature and uninsurable" under Variety Farms, Inc. v. New Jersey Mfrs. Ins. Co., 172 N.J. Super. 10, 24 (App.Div. 1980), where Judge Seidman wrote:
In this State punitive or exemplary damages are sums awarded apart from compensatory damages and are assessed when the wrongdoer's conduct is especially egregious. Leimgruber v. Claridge Associates, Ltd., 73 N.J. 450, 454 (1977). The underlying theory is to punish the offender for aggravated misconduct and to deter such conduct in the future. Ibid. Whether it is in the public interest to permit insurance coverage for punitive damages is a subject on which the courts throughout the country are in conflict. Some hold that insurance against liability for punitive damages would be invalid as against public policy; others take a contrary view. See 44 Am.Jur.2d, Insurance, § 1689 at 598-599; Annotation, "Liability insurance coverage as extending to liability for punitive or exemplary damages," 20 A.L.R.3d 343 (1968). We consider the sounder rule to be that public policy does not permit a tortfeasor to shift the burden of punitive damages to his insurer. See Newark v. Hartford Acc. & Indem. Co., 134 N.J. Super. 537, 547 (App.Div. 1975); cf. LoRocco v. N.J. *74 Mfrs. Ind. Ins. Co., 82 N.J. Super. 323, 332 (App. Div. 1964), certif. den. 42 N.J. 144 (1964). [172 N.J. Super. at 24-25.]
See also Annotation, "Insurance Coverage  Punitive Damages," 17 A.L.R. 11, 23 (1982).
We concede that a claim under Rule 11 for sanctions may bear many aspects of a common-law claim for damages for malicious civil prosecution and therefore facially may fit the definition of "personal injury" under "Coverage E  Personal Liability" in Loigman's homeowner's policy. See Prosser and Keeton on Torts, § 120 at 889 (1984); Mayflower Industries v. Thor Corp., 15 N.J. Super. 139, 174-176 (Ch.Div. 1951), aff'd 9 N.J. 605 (1952). But in view of the strong federal policy expressed by Rule 11 sanctions to deter intentionally vexatious and groundless lawsuits and our long-standing State policy expressed by Variety Farms, Inc. against insuring for punitive damages, we conclude that Loigman cannot recover the Rule 11 sanctions imposed by Judge Thompson for his conduct. The sanction was punitive as directed against Loigman. Loigman could not have insured against this type of risk. If he could have insured against Rule 11 sanctions, strong federal and state policies[2] would be undermined, encouraging only mischief.
Affirmed.
NOTES
[1] The additional premium was $13.
[2] N.J.S.A. 2A:15-59.1, Chapter 46 of the Laws of 1988  "providing for payment of costs and attorney fees in certain circumstances" embodies essentially the same policies as F.R.Civ.P. 11. This recent statute in pertinent part says:

1. a. A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.
b. In order to find that a complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous, the judge shall find on the basis of the pleadings, discovery, or the evidence presented that either:
(1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
(2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.