823 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PRO ARTS, INC., Plaintiff-Appellee, Cross-Appellant,
v.
HUSTLER MAGAZINE, INC., et al., Defendants-Appellants,
Cross-Appellees.
 No. 86-3714, 86-3724.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1987.
 
 Before WELLFORD, MILBURN and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The judgment of the district court is AFFIRMED on the basis of Judge Kinneary's carefully considered opinion.
 
 
 2
 WELLFORD, Circuit Judge, concurring.
 
 
 3
 I agree that the decision of Judge Kinneary assessing damages in this case represents a balanced and essentially fair treatment of the strong adversary positions taken by counsel in this copyright infringement case. I concur therefore in the determination of damages reached by the panel.
 
 
 4
 The difficult issue in this case relates to the award of attorney fees. As a matter of general principle, I feel that . counsel for a litigant in a case with primary commercial law implications, such as an asserted copyright infringement controversy, should be bound by the fee agreement with his client. The case of copyright infringement normally involves litigants engaged in business pursuits; the plaintiff seeks to enforce a lawful monopoly or exclusive privilege granted him by virtue of a federal statute. This would distinguish the copyright infringement controversy, in my view, from those involving claims of plaintiffs for employment discrimination, civil rights violations, and wage and hour claims where a successful plaintiff's counsel may also seek an attorney for award.
 
 
 5
 Settled law in the area of civil rights and employment discrimination cases would seem to indicate a policy of encouraging the bringing of these actions by attorneys representing plaintiffs who are frequently economically disadvantaged in respect to the defendants charged. In accordance with this policy, courts have held that a contingent fee agreement by an attorney representing a plaintiff in such cases may not place an upper limit upon the amount of a court approved reasonable fee in excess of the fee agreed upon. See Hensley v. Eckerhart, 461 U.S. 424 (1983); United Slate Workers Association v. G & M Roofing & Sheet Metal Company, 732 F.2d 495 (6th Cir. 1984); Wojtkowski v. Cade, 725 F.2d 127, 131 (1st Cir. 1984); but compare Evans v. Jeff D., --U.S. ----, 106 S. Ct. 1531 (1986). I would therefore not be disposed to find United Slate Workers Association v. G & M Roofing & Sheet Metal Company, supra, controlling in the context of an attorney fee claim by counsel for a prevailing plaintiff in a copyright case. See Lieb v. Topstone Industries, Inc., 788 F.2d 151, 155 (3d Cir. 1986) .
 
 
 6
 Allowance of attorney fees in the copyright litigation context is essentially a matter within the sound discretion of the district court under the circumstances. See Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984). Substantial reduction of claimed fees by a prevailing plaintiff's attorney may be warranted as was done in this case. Harris, supra. In other words, the unsuccessful party may not have to pay the prevailing party the contingent fee amount, or the full amount actually charged the client, because the contingent fee amount or the amount charged the client may not be deemed by the court to be a reasonable fee to be charged against the unsuccessful adversary party litigant. Lieb, supra. In an appropriate case, however, treating the amount the litigant is "contractually bound to pay" as a limitation or ceiling on a reasonable fee to be awarded by the court may be appropriate in a copyright controversy. See, by way of analogy, Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir. 1974).
 
 
 7
 I would find no abuse of discretion in the fee award made here because there appears to be no "fee splitting" problem involved, and because of the peculiar circumstances unforeseen and probably unforeseeable which occurred following execution of the contingent fee agreement in this case. The amount involved in the contingent fee contract was considered and, no doubt, was taken into account to some measure in fixing the fee herein.