**BROADCAST MUSIC, INC.**

v.

**GOLDEN HORSE INN CORPORATION and Frank Akers.**

**Civ. A. No. 87–1802.**

United States District Court,
E.D. Pennsylvania,
Civil Division.

Feb. 14, 1989.

Jonathan Zavin, Zavin, Sinnreich & Wasserman, New York City.

Jay Barry Harris, Hunt & Fineman, Philadelphia, Pa., for plaintiff.

### MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Plaintiff commenced this action for copyright infringement under 17 U.S.C. § 101 *et seq.* on March 30, 1987, alleging eight instances of infringement based on the public performance of eight musical compositions via a coin-operated phonorecord player of which defendants are the alleged operators without a license from plaintiff or from the Register of Copyrights. Defendants failed to plead or otherwise defend in this action, and on March 30, 1988 a clerk's entry of default was entered against them. Plaintiff now moves for an entry of judgment of default under Fed.R.Civ.P. 55(b)(2) and has not requested a hearing.

The admissions of defendants by virtue of their failure to answer the complaint and respond to plaintiff's request for admissions establish the factual basis of their liability. I therefore turn to the plaintiff's

request for relief. Plaintiffs seek (1) damages in the sum of $6,000, (2) interest computed at a rate of 9%, (3) injunctive relief, (4) costs in the sum of $475.72, and (5) attorneys' fees in the sum of $3,529.00.

■ As to the first claim for relief, damages, plaintiff seeks statutory damages of $750.00 per infringement in lieu of actual damages pursuant to the provisions of 17 U.S.C. § 504(c)(1). The Copyright Act provides for statutory damages which range from a minimum of $250 to a maximum of $10,000, as the Court may determine, for each copyrighted work infringed. 17 U.S. C. § 504(c)(1). If the infringement is willful, the maximum statutory damage award is $50,000. 17 U.S.C. § 504(c)(2). The amount of statutory damages is left to the discretion of the Court within the minimum and maximum amounts fixed by statute. *See e.g. Hideout Records and Distributors v. El Jay Dee, Inc.,* 601 F.Supp. 1048, 1054 (D.Del.1984). The factors which courts have considered in exercising such discretion include (1) expenses saved and profits reaped by defendants in connection with the infringement; (2) revenues lost by the plaintiffs; and (3) whether the infringement was willful and knowing, or whether it was accidental and innocent. *See e.g. Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.,* 658 F.Supp. 458, 465 (E.D.Pa.1987); *Milene Music, Inc. v. Gotauco,* 551 F.Supp. 1288, 1296 (D.R.I.1982).

Plaintiff has not submitted any evidence with respect to factors (1) and (2). With respect to factor (3), there is minimal evidence that the infringement by defendants was willful and knowing, although willfulness may be inferred from the failure of defendants to respond to plaintiff's letter requesting defendants to identify the operator of the juke box as required under the Copyright Act and to appear in this action. However, there is no evidence that plaintiff attempted more than once to induce defendants to obtain a license or that defendants have persisted in violating the Copyright Act, factors which have led some courts to find a willful violation of the Act. *See e.g. Original Appalachian Artworks v. J.F. Reichert,* 658 F.Supp. at 465; *Halnat Pub-*

*lishing Co. v. L.A.P.A., Inc.,* 669 F.Supp. 933, 937 (D.Minn.1987); *AcKee Music, Inc. v. Williams,* 650 F.Supp. 653, 658 (D.Kan. 1986); *Hideout Records and Distributors v. El Jay Dee, Inc.,* 601 F.Supp. at 1054. Therefore, I find from the evidence of record that the conduct of defendants was neither a "willful" violation of the Act nor was it innocent. I therefore find that an award of $500 for each of the eight infringing performances is appropriate.

■ Turning to plaintiff's second claim for interest computed at a rate of 9%, plaintiff does not state whether it seeks prejudgment interest or postjudgment interest. If plaintiff seeks prejudgment interest, such claim is denied. The Copyright Act makes no provision for prejudgment interest and plaintiff cites no authority, nor has my research revealed any, for an award of prejudgment interest in a copyright infringement action. To the contrary, the only case I am aware of which addressed the question denied an award of prejudgment interest in the face of flagrant violations of the Copyright Act finding that the award of profits and damages was sufficiently severe to deter others from like conduct without the need for an award of prejudgment interest. *Baldwin Cooke Co. v. Keith Clark, Inc.,* 420 F.Supp. 404, 409 (N.D.Ill.1976). Plaintiff is entitled to an award of postjudgment interest from the date of entry of this judgment as a matter of course, at a rate to be determined under 28 U.S.C. § 1961.

■ As to the third claim for relief, plaintiff requests an injunction against further infringement of the Copyright Act. The Copyright Act sanctions and allows the granting of injunctive relief to the prevailing parties. 17 U.S.C. § 502(a). An injunction will issue against a defendant when a substantial likelihood of further infringement of a plaintiff's copyright exists. *See e.g. Milene Music, Inc. v. Gotauco,* 551 F.Supp. at 1295. Plaintiff has not presented any evidence that defendants have infringed its copyrights on more than one occasion or that defendants continue to violate its copyrights. Therefore, I find that plaintiff has failed on this record to demon-

**582**

strate a substantial likelihood of further infringement and I will deny its request for injunctive relief.

 As to the fourth and fifth claims for costs and counsel fees, I find that the affidavits support, and 17 U.S.C. § 505 requires, reimbursement of "full costs" in the amount of $475.72 which are hereby approved. The amount of an award of reasonable counsel fees under 17 U.S.C. § 505 is within the discretion of the Court. *See e.g. Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 154 (3d Cir.1986). Having studied the affidavits and time records submitted by plaintiff, I find the hourly rates charged to be fair and reasonable and I award the entire amount requested for local counsel fees of $686.00 plus a reduced sum of $2,200.00 for the services of lead counsel for plaintiff. The reduction is based upon the expected efficiency of experienced counsel in the field of copyright infringement and the presence of, *inter alia:* some duplication between paralegal and attorney efforts to prepare the complaint and to research local court rules; the unexplained preparation of an amended complaint; clearly excessive attorney and paralegal time spent in preparation of the default documents; and general unexplained ambiguity in time records. I also take into account, but do not place great significance upon, the gross amount of the damage award.

An appropriate order follows.

### ORDER

AND NOW, to wit, this 14th day of February, 1989, upon consideration of the motion of plaintiff for entry of judgment by default, it is hereby ORDERED and DECREED for the reasons stated in the accompanying memorandum that:

1. Plaintiff is entitled to relief as follows:

(1) Statutory damages in the amount of $500.00 for each of the eight (8) copyright infringements for a total of $4,000 plus post judgment interest in accord with 28 U.S.C. § 1961;

(2) Costs in the amount of $475.72; and

(3) Counsel fees in the amount of 2,886.-00.

2. The motion for entry of judgment by default against defendant is GRANTED and JUDGMENT IS ENTERED in favor of plaintiff Broadcast Music, Inc. and against defendants Golden Horse Inn Corporation and Frank Akers in the total sum of $7361.72 plus post judgment interest as aforesaid.