## John DIBIASE

v.

## SMITHKLINE BEECHAM CORP.

### Civ. A. No. 93–3171.

United States District Court,
E.D. Pennsylvania.

Sept. 29, 1993.

---

Richard A. Ash, Lyman and Ash, Philadelphia, PA, for plaintiff.

Susannah R. Goodman, Philadelphia, PA, for defendant.

## *MEMORANDUM*

PADOVA, District Judge.

This case presents the novel issue of whether an employer implementing a workforce reduction violates the Age Discrimination in Employment Act ("ADEA"), 29

U.S.C.A. § 623 (West 1985 & Supp.1993), by requiring all terminated employees, regardless of age, to sign a general release of all claims against the corporation in order to qualify for enhanced separation benefits. Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant SmithKline Beecham Corporation ("SmithKline") has filed a motion to dismiss Count II of plaintiff's amended complaint. SmithKline has also filed a motion for attorneys fees, pursuant to Rule 11, for costs incurred in filing its motion to dismiss. For the reasons set forth below, I shall deny both motions.

## I. FACTS

Plaintiff's amended complaint alleges the following facts, which I must accept as true for purposes of the motion to dismiss. SmithKline is a corporation that manufactures and markets prescription and over-the-counter pharmaceutical and consumer products. Plaintiff was hired by a predecessor of SmithKline in 1964, and was employed until February 2, 1992, when his job was terminated as part of a workforce reduction. At the time of his termination, plaintiff was fifty-one years old and was a computer shift supervisor at SmithKline's corporate data center.

SmithKline offered its terminated employees a separation benefit plan that included a lump sum payment[1] and three months continued health and dental benefits. The plan also offered enhanced benefits to terminated employees who signed a general release of all claims against SmithKline.[2] The enhanced benefits included a larger lump sum payment and six months continued health and dental coverage. Under the plan, plaintiff was entitled to a lump sum payment equal to fifteen months salary if he signed the release, or twelve months salary if he declined to sign the release. Plaintiff did not sign the general release.

Plaintiff's amended complaint sets forth two counts alleging age discrimination in violation of ADEA. Count I states that SmithKline terminated plaintiff's employment because of his age. Count II alleges that SmithKline's separation benefit plan offers enhanced benefits in exchange for a surrender of rights, but requires that older employees surrender more rights than younger employees for the exact same enhanced benefits.[3]

## II. MOTION TO DISMISS

In determining a motion to dismiss, all assertions in the complaint are assumed to be true, and all reasonable inferences are drawn from the complaint in favor of the non-moving party. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). The complaint can be dismissed only if plaintiff has alleged no set of facts upon which relief can be granted. *Id.*

ADEA prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1) (West 1985). Count II of plaintiff's amended complaint alleges that SmithKline's separation benefit plan discriminates based on age. Although Count II asserts a novel legal issue, it clearly states a claim for relief under ADEA. Yet SmithKline vigorously insists plaintiff has failed to state a valid claim, and has set forth essentially four arguments in favor of its motion to dismiss. I am not persuaded by any of these arguments.

First, SmithKline cites sections of ADEA and Third Circuit precedent addressing the validity of *signed* waivers. This support is completely inapposite, as plaintiff never executed the general release, and does not now

---

1. The lump sum payment was based upon the employee's length of service.

2. The general release provided that in exchange for consideration received, the employee waived, among other things, any and all claims arising under federal or state law prohibiting employment discrimination, including claims for age discrimination under ADEA.

3. ADEA provides a cause of action for age discrimination only for persons at least 40 years of age. 29 U.S.C.A. § 631(a) (West 1985 & Supp. 1993). Plaintiff alleges, therefore, that employees age 40 and older must waive more claims, namely age discrimination, to receive the same enhanced benefits as employees under age 40.

challenge the validity of a signed waiver.[4] Rather, Count II alleges that the separation benefit plan violates ADEA because it offers enhanced benefits in a manner that discriminates based on age. SmithKline has cited no authority directly addressing this issue.[5]

Second, SmithKline contends that its separation benefit plan does not discriminate because all employees are required to release all claims against the company, regardless of each individual employee's legal rights. The effect of the release, however, is that persons age forty and older are required to release more than that required of persons under age forty in order to receive the same enhanced benefits. SmithKline has not shown, therefore, that the plan is not discriminatory as a matter of law. *Cf. Massarsky v. General Motors Corp.*, 706 F.2d 111, 120 (3d Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983) (disparate impact analysis requires showing that facially neutral employment practice had a significantly discriminatory impact); *E.E.O.C. v. Governor Mifflin School District*, 623 F.Supp. 734, 741 (E.D.Pa.1985) (holding that disparate impact analysis may be applied in ADEA cases).

Third, SmithKline asserts that under plaintiff's theory, an employer could never secure a release of ADEA claims. The plaintiff does not, however, claim that it is always unlawful to seek a waiver of ADEA claims. Rather, plaintiff argues that an employer could secure a release of ADEA claims by offering additional consideration beyond that offered for a release of all claims except ADEA claims. SmithKline has not demonstrated, therefore, that plaintiff's theory would render § 626(f) invalid.[6]

4. SmithKline argues that *Cirillo v. Arco Chem. Co.*, 862 F.2d 448 (3d Cir.1988), upheld the validity of a waiver virtually identical to the one it asked plaintiff to sign. The issue in *Cirillo* was the enforceability of a *signed* release, not whether use of a general release as part of a separation benefit plan violated ADEA. The court in *Cirillo* reviewed the "totality of circumstances" concerning the signed release, and concluded that the plaintiff in that case executed a knowing and willful release. The plaintiff here never signed SmithKline's release. Therefore, *Cirillo* does not control whether SmithKline's separation benefit plan violates ADEA.

SmithKline also argues that its waiver could not violate ADEA because Congress has expressly authorized waivers of age discrimination claims. SmithKline's interpretation of the statute is incorrect. In 1990, Congress enacted the Older Workers Benefit Protection Act (OWBPA), which amended ADEA to expressly permit "knowing and voluntary" waivers of age discrimination claims. 29 U.S.C.A. § 626(f)(1) (West Supp. 1993). The legislative history of OWBPA indicates that the amendment was motivated by the desire to permit waivers of rights under ADEA without Equal Employment Opportunity Commission (EEOC) supervision, while at the same time protecting older workers from being coerced into surrendering their rights. *See The Age Discrimination In Employment Waiver Protection Act of 1989*, S.Rep. No. 79, 101st Cong., 1st Sess. 3–17 (1989). Section 626(f) was intended to "set forth the *threshold requirements* for judicial consideration of a waiver of rights under the [ADEA]." *The Older Workers Benefit Protection Act*, S.Rep. No. 263, 101st Cong., 2d Sess. 6 (1990) [hereinafter Senate Report] (emphasis added). The Senate Report states:

Title II of the bill provides for the first time by statute that waivers not supervised by the EEOC *may be valid* and enforceable if they meet the threshold requirements and are otherwise shown to be knowing and voluntary.

... At a minimum, the waiving party must have genuinely intended to release ADEA claims and must have understood that he was accomplishing this goal. The individual must also have acted in the absence of fraud, duress, coercion, or mistake of material fact. The Committee expects that courts reviewing the "knowing and voluntary" issue will scrutinize carefully the complete circumstances in which the waiver *was executed*.

*Id.* at 31–32 (emphasis added). Thus, contrary to SmithKline's interpretation of § 626(f), the statute only sets forth the criteria for determining the validity of *executed* waivers. The Committee Report does not state that *any* waiver meeting the threshold requirements is *per se* valid. A waiver may meet the minimum criteria set forth in § 626(f) yet still violate some other provision of ADEA.

5. SmithKline has failed to recognize the crucial distinction between the separation benefit plan, which plaintiff challenges under ADEA, and the general release, which plaintiff did not execute. Plaintiff does not challenge the enforceability of an executed release.

6. SmithKline also argues that under plaintiff's theory, an employer could never secure a release of race, sex, or disability claims, because some employees do not share these protected characteristics. This argument is fundamentally flawed, as all persons have race and gender, and are therefore protected from race and gender discrimination. Additionally, as plaintiff argues, employers could offer additional consideration to secure release of disability claims from disabled

Finally, SmithKline argues that the EEOC "considered and rejected the precise claim that the plaintiff has raised before this Court in Count II," and that "the interpretation by the EEOC is entitled to great deference." (Def.'s Sur Reply Supp.Mot. Dismiss at 3–4). SmithKline's argument is misguided.

■ SmithKline is correct that courts ordinarily defer to the reasonable interpretation of a statute by the agency charged with its administration. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). The "interpretation" that SmithKline proffers, however, is the determination, issued by the EEOC district office that investigated plaintiff's complaint, concluding that there was not reasonable cause to believe there had been a violation of ADEA. (Def.'s Sur Reply Supp.Mot. Dismiss Exhibit A).[7] This determination, however, is not entitled to the same deference afforded formal agency issuances, such as regulations, guidelines, policy statements, or administrative adjudications. *See Gregory v. Ashcraft,* —— U.S. ——, —— n. 3, 111 S.Ct. 2395, 2414 n. 3, 115 L.Ed.2d 410 (1991)

(White, J., concurring in part and dissenting in part) (citing *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 210–12, 109 S.Ct. 468, 473–74, 102 L.Ed.2d 493 (1988)).[8] The EEOC determination does not, therefore, foreclose relief on the claim in Count II.

Because Count II alleges facts which may demonstrate that SmithKline's separation plan discriminates based upon age, and because SmithKline has failed to demonstrate that plaintiff has not asserted a cognizable claim, I therefore deny SmithKline's motion to dismiss.

## III. RULE 11 SANCTIONS

■ The purpose of Rule 11[9] is to "impose on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen." *Lieb v. Topstone Indus. Inc.,* 788 F.2d 151, 157 (3d Cir.1986). Compliance requires that counsel conduct "a reasonable investigation of the facts and a normally competent level of legal research to support the presentation." *Id.*

---

employees. SmithKline has not shown, therefore, that plaintiff's theory would render all waivers unenforceable.

SmithKline also argues that employees under age 40 are protected under ADEA against retaliation by employers, and therefore, plaintiff is incorrect that persons under 40 have no waivable ADEA rights. Persons under age 40 are not protected, however, from *age* discrimination under ADEA. The effect of SmithKline's plan is that persons age 40 and older must waive all ADEA claims, whereas persons under age 40 only waive retaliation claims in order to qualify for the exact same enhanced benefits. SmithKline has failed to show that, as a matter of law, its enhanced benefit plan does not discriminate based on age.

7. I make no ruling on the propriety of SmithKline's offer of supplemental evidence in the context of a motion to dismiss.

8. More troubling, SmithKline's deference theory would effectively eliminate ADEA's civil remedy provision. An individual may file an age discrimination suit against her employer, but only after filing a complaint with the EEOC, and awaiting the results of the EEOC investigation. 29 U.S.C.A. § 626(c)–(e) (West 1985 & Supp. 1993). If SmithKline's deference argument were correct, ADEA's civil remedy provision would become meaningless, as courts would simply be

required to defer to the EEOC investigator's ruling.

9. Rule 11 states in pertinent part that:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
Fed.R.Civ.P. 11.

SmithKline argues that Rule 11 sanctions are appropriate in this case because plaintiff's claim that the separation plan violates ADEA is "totally unfounded, and flies in the face of the express terms of the statute itself." (Def.'s Mem.Supp.Mot. Dismiss at 11.) SmithKline also argues that "plaintiff's counsel has utterly failed to undertake a reasonable investigation of the legal underpinnings of the claim asserted in Count II of the Amended Complaint. If he had done so, he could not have reasonably believed that Count II had any legal validity." *Id.*

■ As discussed above, however, although novel, plaintiff's claim does not contradict the express terms of § 626(f). Further, SmithKline has failed to cite any directly controlling cases addressing plaintiff's claim, and has failed to demonstrate that plaintiff's arguments are not well grounded in fact, or well grounded in law, or that there is any indication that plaintiff's complaint was asserted for an improper purpose. I have denied the motion to dismiss; I therefore will not award SmithKline counsel fees.

An appropriate order follows.

### ORDER

AND NOW, this 27th day of September, 1993, upon consideration of SmithKline Beecham Corporation's motions to dismiss Count II of plaintiff's amended complaint and for attorney's fees (Document Number 6), together with supporting memoranda of law and the papers submitted in response thereto, it is hereby ORDERED that the motions are DENIED.