CONSOLIDATED SAWMILL MACHINERY INTERNATIONAL, INC., Plaintiff,

v.

HI–TECH ENGINEERING, INC., Defendant.

No. LR–C–91–684.

U.S. District Court,
E.D. Arkansas,
Western Division.

March 8, 1995.

Gary N. Speed, Rose Law Firm, and George Jay Bequette, Jr., Skokos & Coleman, P.A., Little Rock, AR, for plaintiff.

---

**946**

James M. Simpson, Jr., and Tonia Peoples Jones, Little Rock, AR, for defendant.

## ORDER

ROY, District Judge.

Before the Court are defendant's Motion for Amendment of Judgment and Motion for Costs and Fees, to which plaintiff has responded in opposition. For the reasons which follow, and upon the terms set out hereinbelow, the Court finds that the motions should be granted.

This action was originally filed by Harvey Industries, Inc., against defendant, Hi–Tech Engineering, Inc., on October 16, 1991. The original complaint set out a claim under Arkansas law for misappropriation of trade secrets. On March 19, 1993, plaintiff, Consolidated Sawmill Machinery International, Inc. ("CSMI"), which had been substituted as plaintiff in this cause following its acquisition of the assets of Harvey Industries, filed its amended complaint adding a cause of action for copyright infringement under 17 U.S.C. § 501. On February 24, 1994, CSMI filed a second amended complaint adding still other claims of copyright infringement.

After protracted discovery and the filing of numerous pretrial motions, this matter was tried to a jury from October 31 through November 8, 1994. The jury found in favor of defendant upon all claims. A form judgment was entered immediately thereafter providing, *inter alia,* that "each party shall bear its own costs." Defendant, as the prevailing party, now seeks to amend the judgment to provide for its recovery of costs, including attorney's fees, from plaintiff. Specifically, defendant asks that it be awarded a total of $284,113.40, with $213,980.00 of that amount attributable to fees for attorneys, paralegals and law clerks, and the remaining $70,133.40 to costs. Plaintiff resists the award of any costs or fees to defendant.

As noted by both sides, the prevailing party in a copyright infringement action may petition the trial court for an award of costs and attorney's fees pursuant to 17 U.S.C. § 505. Likewise, the prevailing party in a misappropriation of trade secrets case may seek recovery of an award of attorney's fees under Ark.Code Ann. § 4–75–607. In both instances, the decision on such a request is left to the discretion of the trial court.

Prior to 1994, many courts took the view that prevailing plaintiffs should be awarded costs and fees more readily than prevailing defendants. *See, e.g., Breffort v. I Had a Ball Co.,* 271 F.Supp. 623 (S.D.N.Y.1967). In effect, all a plaintiff had to do in order to recover costs and fees was prevail, while a defendant had to prevail *and* show bad faith or maliciousness on the part of the plaintiff in order to obtain such an award. This was known as the "dual standard." However, in 1994, the Supreme Court of the United States rejected the "dual standard" and held that "prevailing plaintiffs and prevailing defendants are to be treated alike" with respect to cost awards under § 505. *Fogerty v. Fantasy, Inc.,* —— U.S. ——, ——, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994).

John Fogerty, a popular and acclaimed musician, successfully defended an infringement claim by a company which had purchased the rights to one of his earlier works. Fogerty's post-trial motion for costs and attorney's fees was denied by the trial court because there had been no showing of bad faith on plaintiff's part in advancing its claim. The Court of Appeals for the Ninth Circuit affirmed. In reversing the Ninth Circuit, the Supreme Court not only struck down the "dual standard," but also affirmed the principle that in cases such as these "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.*

The decision of the Supreme Court to give credence to Fogerty's argument and to clear the water on this issue represents a significant revival of the interests of a prevailing defendant in recovering costs and fees under federal fee-shifting statutes. But, as noted, an award under § 505 is not recoverable as a matter of right. In determining whether costs and fees should be awarded, the trial court should consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (3rd Cir.1986).

The Supreme Court sanctioned the use of these, and other, factors by district courts, "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Fogerty,* —— U.S. at —— n. 19, 114 S.Ct. at 1033 n. 19. In the instant case, defendant adduced testimony from two witnesses, Larry Horn and Mike Whitacre, to the effect that Ed Harvey had stated in their presence, in response to suggestions that the litigation be dropped due to a lack of merit, that he did not care whether he won or lost because he intended to cripple defendant with litigation expenses. Horn added that Harvey opined that "if he could prolong the lawsuit, he could run [defendant] out of business." This testimony of Horn and Whitacre, both of whom previously worked for Harvey Industries in management positions, was basically unrefuted.

In light of that testimony, and in consideration of the *Lieb* factors, the Court is convinced that defendant should receive an award of costs and fees pursuant to § 505. Specifically, the Court finds that the purposes of the Copyright Act are best served by this decision, for it will not only compensate this prevailing defendant, at least in part, for the costs and attorney's fees it incurred during the course of this action, but it will also deter others who might sue with an improper motive. Accordingly, the Motion to Amend Judgment and the Motion for Costs and Fees are hereby granted. All that is left for the Court to decide is what amount of costs and fees defendant should recover from plaintiff.

The evidence of improper motivation and bad faith addressed conduct and statements of Ed Harvey, but not anyone directly associated with plaintiff. However, as plaintiff has argued many times during the course of this litigation, it "stands in the shoes of Harvey Industries" for the purposes of this suit. Thus, while unwilling to hold plaintiff completely liable for the prosecution of this unmeritorious cause, the Court does find that plaintiff should bear a significant part of the responsibility for it. The Court finds plaintiff's attempt to hide behind the opinions of its expert witnesses in defense of these motions unavailing.

With respect to costs incurred, the Court finds defendant should recover $50,000.00 from plaintiff. As for attorney's fees, including the expense of paralegals and law clerks, the Court hereby awards defendant the sum of $150,000.00. Accordingly, an amended judgment reflecting an award of costs and fees to defendant and against plaintiff in the total amount of $200,000.00 shall be entered forthwith. That amount is sufficient to deter others and to substantially compensate defendant for the economic hardship inflicted by this lengthy and complex litigation. Having awarded costs and fees to defendant pursuant to 17 U.S.C. § 505, the Court declines to make any award under Ark.Code Ann. § 4–75–607.

### *AMENDED JUDGMENT*

Pursuant to the Order entered in this matter on this date, it is Considered, Ordered and Adjudged that defendant should be, and it is hereby, awarded costs and attorney's fees against plaintiff in the total amount of $200,000.00, plus interest at the statutory rate until paid.