104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
KNITWAVES, INC. Plaintiff-Appellee-Cross-Appellant,
v.
LOLLYTOGS, LTD. (INC.), Defendant-Appellant-Cross-Appellee.
 Nos. 96-7402, 96-7582.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Martin, J.).
 
 
 1
 FOR APPELLANT: Gerard F. Dunne, New York, NY.
 
 
 2
 FOR APPELLEE: Neil M. Zipkin, Amster, Rothstein & Ebenstein, New York, NY.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 PRESENT: HONORABLE JAMES L. OAKES, HONORABLE JOSEPH M. McLAUGHLIN, HONORABLE JOSE A. CABRANES, Circuit Judges.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 7
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 8
 Knitwaves, Inc., and Lollytogs Ltd. both manufacture children's knitwear. In 1990, Knitwaves introduced a collection of girls' sweaters for the back-to-school season. Knitwaves obtained copyrights for the designs of two of these sweaters: (1) its Leaf Sweater, a multicolored striped sweater with leaf appliques; and (2) its Squirrel Cardigan, a paneled cardigan sweater with squirrel and leaf appliques. In 1992, Lollytogs introduced a competing line of fall sweaters (under its French Toast label), including a very similar-looking Leaf Sweater and Squirrel Cardigan.
 
 
 9
 Knitwaves sued Lollytogs in the United States District Court for the Southern District of New York (John S. Martin, Jr., Judge ) for copyright infringement under the federal Copyright Act, 17 U.S.C. § 501(b), unfair competition under the federal Lanham Act, 15 U.S.C. § 1125(a), and related state law claims. After a bench trial, the district court found that Lollytogs willfully copied Knitwaves' designs on both sweaters, in violation of the Copyright Act, the Lanham Act, and state law. The court issued a permanent injunction against Lollytogs, and a judgment for $193,681.72, constituting statutory damages, infringing profits and lost profits, and attorney's fees and costs.
 
 
 10
 Lollytogs appealed the judgment to this Court, and Knitwaves cross-appealed on the amount of damages. See Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 999 (2d Cir.1995). We affirmed the district court's decision as to copyright liability, but vacated its decision as to Lanham Act liability. We further held that Knitwaves' success on its Squirrel Cardigan copyright claim could properly support an award of attorney's fees and costs. However, we found that the district court could not properly base a fee award upon: (1) Knitwaves' Leaf Sweater copyright claim (because Lollytogs' infringement began prior to the effective date of Knitwaves' Leaf Sweater copyright registration, see 17 U.S.C. § 412(2)); or (2) Knitwaves' Lanham Act claim (which we vacated on the merits). We therefore:
 
 
 11
 vacate[d] the court's award of costs and attorney's fees to the extent that those costs and fees reflect[ed] prosecution of either the Leaf Sweater claim or the Lanham Act claim .... [and] remand[ed the case] so that the court [might] reduce its award by an appropriate amount....
 
 
 12
 Knitwaves, 71 F.3d at 1012.
 
 
 13
 On remand, the district court reduced Knitwaves' attorney's fees award by the 25% it found fairly attributable to the Lanham Act claim. Turning to Knitwaves' copyright claims, the court found:
 
 
 14
 those portions of plaintiff's briefs that discussed the copyright aspects of the Leaf [S]weater would have been appropriate to underscore the willful nature of defendant's conduct and the clear need for injunctive relief. Thus, it is fair to conclude that 100% of the 75% of the total time which is allocated to the copyright claims was expended on factual and legal issues related to proving a willful violation with respect to the Squirrel [Cardigan] alone.
 
 
 15
 Knitwaves, Inc. v. Lollytogs Ltd., 92 Civ. 6285, 1996 WL 99379 at * 2 (S.D.N.Y. Mar. 7, 1996). The district court thus reduced Knitwaves' award of attorney's fees and costs from $143,460.52 to $107,595.39.
 
 
 16
 Lollytogs now appeals, arguing that the district court awarded an excessive amount of attorney's fees and costs, and ignored this Court's instructions on remand. Knitwaves cross-appeals, arguing that the district court reduced its award too much.
 
 
 17
 The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party .... [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "Attorney's fees are not to be awarded automatically to a prevailing party ... but 'only as a matter of the court's discretion.' " Knitwaves, 71 F.3d at 1011 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)). In awarding fees and costs, the district court should consider traditional equitable factors, including:
 
 
 18
 "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."
 
 
 19
 Fogerty, 510 U.S. at 534 n. 19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir.1986)); see also Knitwaves, 71 F.3d at 1011-12. We will reverse a district court's award of attorney's fees and costs only where the court applied the wrong legal standard or abused its discretion. See id. at 1012; Twin Peaks Prods., Inc. v. Publications Int'l, Ltd., 996 F.2d 1366, 1383 (2d Cir.1993).
 
 
 20
 It is clear that the district court applied the correct legal standard. The court in its opinion recognizes its discretion, acknowledges Fogerty, and considers the appropriate factors in rendering its award. See Knitwaves, 1996 WL 99379 at * 1.
 
 
 21
 We conclude that the district court did not abuse its discretion in reducing the attorney's fees award by 25% with respect to Knitwaves' Lanham Act claim. "There is no precise rule or formula" for assessing reasonable attorney's fees where the plaintiff has achieved partial success, and the district court "may simply reduce the award to account for the limited success" without undertaking an hour-by-hour calculation. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). The district court's method--looking to Knitwaves' briefs and affidavits, and loosely adjusting for time spent in general preparation--is sensible, and results in a reasonable award.
 
 
 22
 We also find that the district court did not abuse its discretion in declining to reduce the award further. The court concluded that Lollytogs' infringement defense was "frivolous, objectively unreasonable both in law and in fact, and [was] put forth in bad faith," and that a substantial award would serve an important deterrent function against willful copyright violation. Knitwaves, 1996 WL 99379 at * 1. Furthermore, the court correctly noted that Knitwaves' proof with respect to its Leaf Sweater claim would have been offered to show Lollytogs' willfulness, and the necessity of injunctive relief, even if Knitwaves had pursued its Squirrel Cardigan claim alone. In light of these considerations, the court did not abuse its discretion in awarding 100% of Knitwaves' fees and costs on its infringement claims.
 
 
 23
 Nor does the district court's revised award violate our instructions on remand. We directed the court to "determine what percentage of work ... was devoted to the Leaf Sweater infringement claim, and reduce its award by that percentage." Knitwaves, 71 F.3d at 1012. This is not an absolute command to reduce the award by some amount. The district court reasonably found that, given the posture of Knitwaves' case, none of Knitwaves' work was attributable only to the Leaf Sweater claim. Given this finding, the district court properly chose not to reduce the attorney's fees award.
 
 
 24
 Knitwaves asserts (on cross-appeal) that the district court abused its discretion in reducing its attorney's fees award because: (1) the reduced award insufficiently compensates Knitwaves for Lollytogs' willful infringement, and insufficiently deters Lollytogs from such infringement; (2) the copyright claims and Lanham Act claim are so closely related so as to be inseparable for attorney's fees purposes; and (3) in any event, the Lanham Act claim comprised less than 25% of Knitwaves' case.
 
 
 25
 We find each of these arguments to be without merit. Even after the district court's 25% reduction, Knitwaves' award of fees and costs is substantial. The court did not abuse its discretion in finding that the reduced award serves as sufficient compensation to Knitwaves and deterrence to Lollytogs. And, as mentioned above, the district court's method for separating the copyright claims and Lanham Act claim is sensible, and results in a reasonable award.
 
 
 26
 We have considered all of the additional arguments raised by the parties, and find them to be without merit.
 
 
 27
 Accordingly, the decision of the district court is AFFIRMED.