

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2003

# TDD Entr Inc v. Yeaney

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3683

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"TDD Entr Inc v. Yeaney" (2003). *2003 Decisions.* Paper 31.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/31

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3683

T.D.D. ENTERPRISES, INC., a California Corporation,
d/b/a
Tuesday Productions

v.

DANIEL YEANEY, individually,
d/b/a Digitrax Recording Studio;
TODD WILLIAMS, individually,
d/b/a/ Todd's Auto Body and Does 1-50, inclusive

Todd Williams, individually,
d/b/a/ Todd's Auto Body,
                                      Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-00009)
District Judge: Honorable Malcolm Muir

Submitted Under Third Circuit LAR 34.1(a)
July 31, 2003

Before: SCIRICA, Chief Judge, RENDELL and AMBRO, Circuit Judges

(Opinion filed:   December 23, 2003)

OPINION

AMBRO, <u>Circuit Judge</u>

Todd Williams appeals a District Court decision awarding T.D.D. Enterprises, Inc. $64,950.50 in attorneys' fees that were expended in pursuing (and ultimately settling) a copyright infringement suit. We conclude that the District Court was correct and therefore affirm.

## I. Background

Because the facts are well-known to the parties, we note only a general outline. This dispute arises out of an agreement between Williams and Daniel Yeaney in which Yeaney agreed to write a musical "jingle" to advertise Williams's collision repair business, Todd's Auto Body. The jingle was aired on radio stations in the Williamsport and Lock Haven, Pennsylvania areas. Shortly after the jingle began running, Williams was called by one of T.D.D.'s clients, Troy Nihart of Pool Doctor, who alleged that the jingle Yeaney had composed was substantially similar to one in which T.D.D. holds intellectual property rights and which it had licensed to Pool Doctor. (T.D.D.'s primary source of revenue is fees from licensing its catalogue of jingles to businesses for use in their advertisements.) Williams initially refused to discontinue use of the allegedly infringing jingle, but approximately twenty days after first being alerted to the potential infringement – and about six weeks after the advertisement first aired – agreed to remove the ad.

T.D.D. requested damages for the unauthorized use of its intellectual property.

When Williams and Yeaney refused, T.D.D. filed suit. After approximately a year and a half, the parties entered into a settlement agreement in which Williams and Yeaney admitted the validity of T.D.D.'s copyright and that they had infringed that copyright, agreed to pay $5,000 in damages, and agreed to be enjoined from further use of Yeaney's infringing jingle. However, because the parties could not decide whether or in what amount Williams and Yeaney would compensate T.D.D. for its attorneys' fees and costs expended in defending its copyright, the settlement stated that "it is understood that any party may petition the Court for an award of attorneys' fees and costs pursuant to the Copyright Act of 1976 or other applicable law as a prevailing party . . . ." T.D.D. subsequently petitioned the District Court for $64,950.50 in attorneys' fees,[1] and both parties agreed to allow the Court to decide the issue without a hearing. The Court awarded T.D.D. the fees. Williams appeals.

## II. Discussion

We review the District Court's award of attorneys' fees for abuse of discretion. *Lieb v. Topstone Indus.*, 788 F.2d 151, 154 (3d Cir. 1986); *see also Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 522-24 (1994). In making the award, the District Court considered the factors – including deterrence, compensation, the parties' relative financial strength, and the defendants' good faith – discussed in *Lieb*.

---

[1]T.D.D. later sought $16,560.41 in supplemental attorneys' fees. The Court awarded approximately 20% of the supplemental fees T.D.D. requested. No appeal was taken from this order.

3

The District Court did not abuse its discretion here. As the Court noted, from the outset of the underlying copyright dispute Yeaney and Williams lacked an objectively reasonable or good-faith basis to believe that the jingle did not infringe T.D.D.'s copyrighted work. Yet both Yeaney and Williams steadfastly maintained that their work did not infringe the copyright, necessitating that T.D.D. hire two music experts, file a complaint in the District Court, take depositions, and otherwise prepare for litigation. While Yeaney and Williams challenge the reasonableness of T.D.D.'s hiring both California copyright counsel and local Pennsylvania litigation counsel, we do not believe that decision is unreasonable under the circumstances. T.D.D. is a California corporation and understandably first attempted to resolve the issue using its local counsel who specialized in copyright. However, when Yeaney and Williams refused to settle and it seemed that litigation in Pennsylvania was imminent, T.D.D. sensibly hired counsel familiar with Pennsylvania practice and who was admitted to practice in Pennsylvania (which T.D.D.'s California counsel was not). As Yeaney and Williams do not challenge any specific expenditures, we have no basis to conclude that the District Court abused its discretion by reimbursing any particular expense.

\* \* \* \* \* \* \* \* \*

Having reviewed the record, we conclude that the District Court properly exercised its discretion awarding T.D.D. attorneys' fees. We therefore affirm.

4

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro, Circuit Judge