**HUSSEY COPPER, LTD., a limited partnership; Hussey Copper Corp., a corporation, Plaintiffs,**

**v.**

**The OXFORD FINANCIAL GROUP, et al., Defendants.**

**Civ. A. No. 87–1373.**

United States District Court, W.D. Pennsylvania.

Sept. 25, 1987.

Charles Weiss, Pittsburgh, Pa., for plaintiffs.

Arthur J. Schwab, Pittsburgh, Pa., Joseph S. Genova, New York City, for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Hussey Copper, Ltd., a Pennsylvania limited partnership, and Hussey Corporation ("Hussey") instituted a civil action alleging that Oxford Financial Group ("Oxford"), a limited partnership, breached a non-compete clause in a contract of sale. Oxford's managing general partner, 880 Associates, which is a partnership of 880 limited partners, also was named as a defendant. One of the limited partners of defendant is a citizen of Pennsylvania and a member of the law firm that represents the plaintiffs. Another limited partner of this defendant is a citizen of Pennsylvania and President of Hussey.

In response to the complaint, Oxford suggested that the court lacked original jurisdiction under 28 U.S.C. § 1332 due to the presence of non-diverse parties. Specifically, Oxford maintained that, since nine of the 880 partners were Pennsylvania citizens, *Carlsberg Resources Corp. v. Cambria Savings & Loan Assn.*, 554 F.2d 1254 (3d Cir.1977) required dismissal of the action for want of original jurisdiction. As a result, the court ordered that Hussey conduct discovery concerning the citizenship of defendants within 30 days. Hussey initiated discovery but later moved to voluntarily dismiss the action, filing a similar action in state court.

Oxford now asserts, pursuant to Fed.R. Civ.P. 11, that the court should award attorneys' fees and costs for defending the claim in this court. Defendants contend that Hussey knew or should have known that diversity was lacking, asserting that at least two partners of the limited partnership, known as FAGLA and members of the 880 Association, were Pennsylvania citizens. Specifically, Roy Allen, President of Hussey, and James Goldberg, a member of the law firm that represents plaintiffs.

The issue presented is whether the investigation by plaintiffs' counsel concerning the citizenship of defendants falls below the standards required by Rule 11. We hold that sanctions are appropriate.

Fed.R.Civ.P. 11 provides in pertinent part:

... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument ... that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it ... an appropriate sanction....

The comments to the 1983 amendments state that the rule "stresses the need for some prefiling inquiry into both facts and the law. The standard is one of reasonableness under the circumstances." *Davis v. Veslan Enterprises*, 765 F.2d 494, 497 (5th Cir.1985). Moreover, the Court of Appeals for the Second Circuit has noted that sanctions will be imposed by trial courts "where after a reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Eastway Construction Corp. v. City of N.Y.*, 762 F.2d 243, 254 (2d Cir.1985). Given this test, we must determine whether (1) counsel for plaintiffs had a good faith argument concerning the viability of *Carlsberg*, and (2) whether counsel made a reasonable inquiry before signing and filing the complaint.

*Carlsberg* represents the established rule in this jurisdiction and there is no indication that the judgment of the Court of Appeals has changed. *See Trent Realty Assoc. v. First Fed. Savings,* 657 F.2d 29, 32 (3d Cir.1981). The "good faith" argument that counsel or Hussey instituted this action to change the rule of *Carlsberg* is destroyed by counsels' decision to voluntarily dismiss the complaint in this court.

We turn therefore to the question whether counsel made a reasonable inquiry into the jurisdictional issue before signing and filing the original complaint. A "reasonable" inquiry depends on such factors as the time available for investigation; the information, if any, provided by the client; and whether counsel relied on forwarding counsel or another member of the bar. *"Sanctions Under New Federal Rule 11",* 104 F.R.D. 181, 187. Counsel cites none of these factors.

First, counsel had ample time to investigate the citizenship of defendants prior to filing the complaint, accompanied by a motion for expedited discovery, because the underlying agreement of sale is dated January 22, 1986 and the breach allegedly occurred in December of 1986. Hence, the experienced law firm involved, employing over 80 lawyers, had sufficient time, manpower and expertise to determine the appropriate forum prior to filing the action.

Second, plaintiffs' counsel do not contend that they were misled concerning the citizenship of defendants by their clients or referring counsel. Indeed, the lack of a good faith investigation and reasonable inquiry concerning the appropriate forum is demonstrated by the fact that a member of the firm, and a citizen of Pennsylvania, was a defendant in the action, thereby destroying complete diversity as required by *Carlsberg.* Reasonable investigation would have disclosed this fact.

In our judgment, in an era of mounting federal caseloads, limited judicial resources, and busy work by motion practitioners and their associates, a lawyer should determine, at a minimum, whether a court has jurisdiction, and plaintiffs' counsel knew or should have inquired of the financial interests of the members of the firm (and the President of Hussey) that would affect the original jurisdiction of this court. Rule 11 requires no less because it is "patently clear that [the] claim had absolutely no chance of success" when it was filed in this court. *Oliveri v. Thompson,* 803 F.2d 1265, 1275 (2d Cir.1986); *See also, Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 157 (3d Cir.1986).

Defendants' motion for counsel fees will be granted and counsel shall file within 30 days a verified itemization of the fees and expenses incurred by defendants in defending the federal action, including the motion for expedited discovery.

A written order will follow.