848 F.Supp. 46 (1993)
In re PHAR-MOR, INC. LITIGATION
T. ROWE PRICE NEW HORIZONS FUND, INC., Plaintiff,
v.
COUNTY NATWEST GLOBAL SECURITIES, LTD., et al., Defendants.
Civ. A. Nos. 92-1938, 93-247. M.D.L. No. 959. Master File Misc. 93-96.
United States District Court, W.D. Pennsylvania.
November 1, 1993.
*47 *48 Daniel A. Pollack, New York City, for plaintiff.
Laurence Greenwald, New York City, for defendants.

OPINION
ZIEGLER, Chief Judge.
Pending before the court is the motion of defendants, County NatWest Global Securities Limited, NatWest Capital Markets, National Westminster Bank PLC, County NatWest Securities USA, and County NatWest Securities Corporation USA, ("NatWest")[1] to dismiss plaintiff's Amended and Supplemental Complaint with respect to NatWest, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition, defendants seek Rule 11 sanctions against plaintiff for the allegations involving NatWest in the tenth claim of the complaint.[2]
Plaintiff, T. Rowe Price, has asserted claims against NatWest for violations of sections 12(2) and 15 of the Securities Act of 1933 [first claim], section 1-501 of the Pennsylvania Securities Act [third claim], section 11-703(a)(1)(ii) of the Maryland Securities Act [fourth claim], and the common law theories of negligent misrepresentation, innocent misrepresentation and mutual mistake [fifth, sixth and seventh claims]. Price's ninth claim is an alternative claim for damages in which some of these claims are repeated. In addition, plaintiff has asserted a contingent claim under section 12(1) of the Securities Act of 1933 and section 11-703(a)(1)(ii) of the Maryland Securities Act [tenth claim]. In resolving a motion to dismiss, we must accept all factual allegations and reasonable inferences as true when viewed in the light most favorable to the non-moving party. Sturm v. Clark, 835 F.2d 1009, 1010 (3d Cir.1987). We may dismiss the complaint only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claims. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).
NatWest contends that Price's first claim must be dismissed because plaintiff has failed to sufficiently plead each of the elements of a claim under section 12(2). In order to state a claim for Rule 12 purposes, a plaintiff must allege (1) the sale or offer to sell securities by the defendant; (2) pursuant to a prospectus or oral communication; (3) the use of mails or the facilities of interstate commerce in connection with the sale or offer; (4) a false or misleading statement of material fact or omission of a material fact that makes the statements misleading, in light of the circumstances under which they were made; and (5) lack of knowledge by the plaintiff. Wright v. National Warranty Co., 953 F.2d 256, 262 n. 3 (6th Cir.1992); see also, Ballay v. Legg Mason Wood Walker, Inc., 925 F.2d 682, 687-88 (3d Cir.1991). For the reasons that follow, we hold that Price has alleged a claim under section 12(2) of the Securities Act of 1933 on which relief can be granted.
Plaintiff has averred in paragraph 44 of the complaint that NatWest is a seller and offeror subject to section 12(2) of the Securities Act, thereby satisfying the first element. In paragraph 32 of the complaint, Price alleges that NatWest provided plaintiff with a Private Placement Memorandum and other information and materials about Phar-Mor, thereby satisfying the second element. The third element is set forth in paragraph 47 of the complaint because NatWest allegedly mailed and faxed the PPM and other material to T. Rowe Price and had conversations and communications with plaintiff via interstate telephone and wire facilities. See Monetary Management Group v. Kidder, Peabody & Co., 615 F.Supp. 1217, 1220 (D.C.Mo. *49 1985) (Use of telephone constitutes means and instruments of transportation and communication in interstate commerce). Paragraph 34 of the complaint and its sub-parts set forth the allegations of false or misleading statements in the materials that NatWest provided to Price. The materiality of those statements is set forth in paragraph 35 of the complaint. Finally, the fifth element is provided in paragraph 40 where plaintiff alleges that it was unaware of the misstatements and omissions of the Phar-Mor wrongdoing when it purchased the stock. Viewing the allegations of the Amended and Supplemental Complaint in the light most favorable to plaintiff, as we must, T. Rowe Price has alleged sufficient facts to state a claim on which relief may be granted under section 12(2) of the Securities Act of 1933.
NatWest relies on the disclaimer contained in the Private Placement Memorandum, namely, defendants did not independently verify any information or make any warranties as to the accuracy or completeness of the information contained in the document, to support its contention that the information in the memorandum cannot be attributed to NatWest. We agree with plaintiff that NatWest's reliance on the disclaimer in the PPM is misplaced because the general language of the disclaimer does not bar a claim under section 12(2). In Re: Donald J. Trump Casino Securities Litigation  Taj Mahal Litigation, 7 F.3d 357, 366 (3d Cir. 1993). Liability is imposed under the statute if a party offers or sells a security by means of a prospectus containing a material misstatement or omission. The party providing such a prospectus bears the burden of proving that it "did not know, and in the exercise of reasonable care could not have known, of such untruth or omission". Barnebey v. E.F. Hutton & Co., 715 F.Supp. 1512, 1524 (M.D.Fla.1989).
NatWest's arguments with respect to the disclaimer are also without merit because (1) Price does not rely exclusively on information contained in the PPM as a basis for its claim; (2) the allegations of the complaint control our review at this juncture, rather than the blanket disclaimer, and we must accept the allegations as true; and (3) the disclaimer is only part of the "mix" of information that we must consider in resolving a motion to dismiss. In Re: Donald J. Trump  Taj Mahal Litigation, 7 F.3d 357, 371 (3d Cir.1993). A brief review of the complaint supports our conclusion.
T. Rowe Price alleges that its belief as to Phar-Mor's financial success was not based solely on the PPM provided by NatWest but on other documents and materials, including the "County NatWest Information Memorandum". Amended and Supplemental Complaint ¶ 47 and ¶ 32. In addition, in our judgment, the disclaimer does not trump the allegations of the complaint in deciding a motion to dismiss because T. Rowe Price does not accuse NatWest of supplying the information in the materials; rather, plaintiff alleges that NatWest knew, or in the exercise of reasonable care, should have known of the untruths and omissions. Amended and Supplemental Complaint ¶ 48. Since the information contained in the PPM does not contradict the allegations of the complaint, we must accept those allegations as true in reviewing a motion to dismiss. Finally, since reliance is not an element of a section 12(2) cause of action, NatWest may not rely on the disclaimer as evidence of plaintiff's non-reliance. Id. at 16-17, n. 10.
In In Re: Donald J. Trump  Taj Mahal Litigation, 7 F.3d 357 (3d Cir.1993), the Court of Appeals affirmed the dismissal of a complaint alleging violations of the federal securities laws because the alleged misstatements and omissions in the prospectus were not material. The Court concluded that the cautionary disclaimers and warnings set forth in the prospectus were sufficient to advise the investors that the investment was risky and therefore the alleged misstatements and omissions viewed in context did not state a cause of action as a matter of law. The Court emphasized that the tension between alleged misstatements, omissions and disclaimers must be reviewed on a case-by-case basis. Id. at 371.
In this case, we express no opinion on the question whether T. Rowe Price can develop sufficient facts to establish materiality as to NatWest as required by federal law to withstand a motion for summary judgment. We *50 are satisfied, however, that viewing the allegations of this precise and specific complaint in the light most favorable to plaintiff, T. Rowe Price must be afforded an opportunity to establish that the total mix of information which was conveyed by NatWest form the basis for the violation of the Securities Act of 1933.
NatWest next argues that the complaint fails to plead fraud with particularity as required by Rule 9(b). The argument is based on the mistaken view that plaintiff's claim for violation of section 12(2) sounds in fraud. We agree with Price that the authorities cited by NatWest are inapposite. For example, in Shapiro v. UJB Fin. Corp., 964 F.2d 272 (3d Cir.) cert. denied, ___ U.S. ___, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992), the Court of Appeals noted that the pleadings referred to defendants' "intent" and did not allege negligence. There, the factual allegations on which the court focused recited that the defendants "intentionally", "knowingly" or "recklessly" misrepresented and omitted certain material information. Nowhere in this action does Price allege that NatWest acted knowingly, intentionally, willfully or recklessly. Unlike the complaint in Shapiro, the complaint here specifically alleges negligence and tracks the statutory language of section 12(2), namely, NatWest either "knew, or, in the exercise of reasonable care could have known". Amended and Supplemental Complaint ¶ 48. We agree with plaintiff that a section 12(2) claim sounds in negligence and, as such, Rule 9(b) is inapplicable.
NatWest also contends that Price has failed to state a claim under section 1-501 of Chapter 1.5 of the Pennsylvania Securities Act of 1972 because plaintiff does not allege that the transactions took place in Pennsylvania. In addition, defendants argue that plaintiff fails to properly allege a claim due to lack of direct privity with NatWest. We disagree.
Price specifically alleges that NatWest is liable under the Pennsylvania Act by "offering or selling a security to plaintiff in Pennsylvania ...". Amended and Supplemental Complaint ¶ 58. Viewing the allegations as true, as we must, the facts state a cause of action under the Pennsylvania Act. We express no opinion whether the allegations of the complaint with respect to the Pennsylvania Securities Act will survive a motion for summary judgment but we believe that plaintiff must be afforded an opportunity to prove the facts to support the claim.
NatWest also contends that plaintiff has failed to state a claim under the Maryland Securities Act because plaintiff's allegations meet neither the privity requirements for application of the state law nor the reach of the statute under the Maryland blue sky laws. We hold that Price has sufficiently alleged the elements of an action for violation of the Maryland Act to survive a motion to dismiss. In Count IV, plaintiff alleges that defendants "violated § 11-703(a)(1)(ii) of the Maryland Securities Act by offering or selling a security to plaintiff in Maryland ...". Amended and Supplemental Complaint ¶ 60. Plaintiff also avers that NatWest mailed certain documents to Price. The documents show (on their face) that they came from NatWest's Baltimore office. See Appendix A, T. Rowe Price Memorandum in Opposition to NatWest Motion to Dismiss. We hold that plaintiff has stated a cause of action under Maryland law.
NatWest's argument of lack of privity is not persuasive with respect to the fourth claim. Section 11-703(a)(1)(i) of the Maryland Securities Act is the analog to § 12(2) of the Securities Act of 1933. The Maryland courts have followed the federal teachings under the Act. See, e.g. O'Neil v. Marriott Corp., 538 F.Supp. 1026, 1032 (D.Md.1982); Caucus Distributors, Inc. v. Maryland Securities, 320 Md. 313, 577 A.2d 783 (1990). For purposes of this motion, we are required to follow the holding in Pinter v. Dahl, 486 U.S. 622, 651, 654, 108 S.Ct. 2063, 2080-81, 2082, 100 L.Ed.2d 658 (1988), that is, a "seller" under § 12 of the 1933 Act is one who participates in the solicitation of securities and acts for their own financial benefit, or that of the seller of the security. Applying this rule, the Amended and Supplemental Complaint, if true, support plaintiff's claim that NatWest is liable under the Maryland Act. T. Rowe Price alleges in paragraph 30 that NatWest received an underwriting *51 and placement fee of 3% of the proceeds of the October 1991 offering. This allegation is sufficient to establish that NatWest acted for its own financial benefit, and defendants' motion must therefore be denied. Again, we express no opinion whether this claim will survive a motion for summary judgment, however, plaintiff is entitled to proceed with discovery.
NatWest argues that T. Rowe Price has failed to properly plead the elements of negligent misrepresentation, innocent misrepresentation and mutual mistake. We agree with plaintiff that the elements of each of those claims are specifically set forth in The Amended and Supplemental Complaint. The portion of the complaint addressing negligent misrepresentation incorporates previous allegations and is sufficient to support a claim to survive a Rule 12(b)(6) motion. A brief review of the complaint reveals the same for the claims of innocent misrepresentation and mutual mistake. For example, plaintiff delineates the element that "the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement". In paragraph 63, plaintiff has alleged that NatWest owed Price a duty to act with care in connection with the information provided. In paragraph 48, plaintiff avers that the prospectus included untrue statements and that NatWest knew or, in the exercise of reasonable care, could have known. While each element for a cause of action for negligent misrepresentation, innocent misrepresentation and mutual mistake may not be alleged in the complaint under their respective headings, the elements are included and incorporated by reference. T. Rowe Price has sufficiently stated a claim for negligent misrepresentation, innocent misrepresentation and mutual mistake.
We have given serious consideration to the remaining contentions of NatWest, to wit, that this court should dismiss plaintiff's state law claims. We find that NatWest's contentions are without merit and defendant's motion to dismiss plaintiff's Amended and Supplemental Complaint must be denied.
Defendants finally request that this court impose sanctions against plaintiff pursuant to Rule 11 for the allegations against NatWest in the tenth claim of the complaint. Sanctions are appropriate if a reasonable inquiry would have revealed that the claim was not well-grounded in fact and law. See Davis v. Veslan Enterprises, 765 F.2d 494, 497 (5th Cir.1985); see also, Hussey Copper, Ltd. v. Oxford Financial Group, 121 F.R.D. 252, 253 (W.D.Pa.1987), First, we conclude that Price conducted a reasonable inquiry into the tenth claim before filing the Amended and Supplemental Complaint. Plaintiff's counsel advised NatWest's counsel that he would voluntarily dismiss the Tenth Claim (plaintiff's Seventh Claim in the original Complaint) if NatWest provided documentation confirming the validity of the exemption from the registration requirements for the October 1991 Offering.[3] In response to that request, NatWest provided a list of the purchasers of Phar-Mor's October 1991 Offering describing their "Accredited Investor" or "Qualified Institutional Buyer" status. Plaintiff received the information and came to the conclusion that the names that appeared on the list were not "Qualified Institutional Buyers" or "Accredited Investors" but merely "sophisticated offerees" who would not qualify under the 1933 Act. See, T. Rowe Price Memorandum in Opposition to NatWest's Motion to Dismiss at 14. Plaintiff conducted a reasonable inquiry and concluded that the claim had merit.
Furthermore, we conclude that despite the language preceding plaintiff's tenth claim, it is not "patently clear" that the claim has absolutely no chance of success or was included for an improper purpose, so as to cause harassment, undue delay, or needless increase in litigation expense. See Lieb v. Topstone Industries, Inc., 788 F.2d 151 (3d Cir.1986); see also, Oxford Financial Group, 121 F.R.D. at 254. We will deny NatWest's *52 request to impose Rule 11 sanctions against T. Rowe Price.
A written order will follow.

ORDER
AND NOW, this 1st day of November, 1993, after consideration of the submissions of the parties,
IT IS ORDERED that the motion of defendants, County NatWest Global Securities Limited, NatWest Capital Markets, National Westminster Bank PLC, County NatWest Securities USA, and County NatWest Securities Corporation USA, ("NatWest"), to dismiss plaintiff's Amended and Supplemental Complaint with respect to NatWest, be and hereby is denied.
NOTES
[1] NatWest is referred to as "County NatWest" in The Amended and Supplemental Complaint. However, defendants refer to themselves as "NatWest" in their motion and plaintiff adopts the reference in its brief in opposition to defendants' motion.
[2] All references to the "complaint" are to plaintiff's Amended and Supplemental Complaint dated May 28, 1993.
[3] SEC Rule 506 under Regulation D of the 1933 Act provides that an offering is exempt as a nonpublic offering where the securities were sold to an unlimited number of purchasers who are Accredited Investors and to up to 35 non-Accredited Investor purchasers. A Qualified Institutional Buyer is defined in SEC Rule 144A as an Accredited Investor within the definition of Rule 501(a). See 17 C.F.R. § 230.144A(a).