

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2004

# Fasold v. DE River Bay Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3624

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Fasold v. DE River Bay Auth" (2004). *2004 Decisions.* Paper 52.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/52

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3624

_____

APRIL FASOLD,
Appellant

v.

DELAWARE RIVER & BAY AUTHORITY

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-04541)
District Judge:  Honorable Joseph H. Rodriguez

_____

Argued December 6, 2004

Before:  RENDELL and FISHER, Circuit Judges
and YOHN*, District Judge.

(Filed December 21, 2004 )

_____

E. Alfred Smith     [ARGUED]
1333 Race Street, 2nd Floor
Philadelphia, PA  19107
    Counsel for Appellant

_____

*Honorable William H. Yohn, Jr., Senior District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

Mary E. Reeves    [ARGUED]
Donna Adelsberger & Associates
Six Royal Avenue
P.O. Box 530
Glenside, PA  19038
   Counsel for Appellee

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>.

April Fasold appeals the District Court's grant of summary judgment to the
Delaware River and Bay Authority ("DRBA") precluding Fasold's pursuit of her claim
under the Jones Act and general maritime law.  Because we conclude that Fasold adduced
evidence sufficient to entitle her to a jury trial, we will reverse the judgment of the
District Court.

## I.  Background

April Fasold supervised the food service crew on the F/V TWIN CAPES, a
passenger ferry traveling between Lewes, Delaware and Cape May, New Jersey.  Among
her responsibilities was keeping clean the kitchen and galley area.  While cleaning the
walk-in refrigerator located in the ferry's galley, Fasold injured her back moving a keg of
beer stored there.  Fasold claims the refrigerator was "filthy" and that, in order for her to
do her job, the keg had to be moved so food and debris behind it could be picked up.

Fasold filed an action in the District Court alleging negligence pursuant to the

2

Jones Act, 46 U.S.C.S. § 688 *et seq.*, and unseaworthiness under general maritime law.[1]

She claimed that the DRBA had failed to, *inter alia*, provide a safe place to work;

properly stow the keg; provide the proper equipment to move the keg; and provide a

sufficient number of able-bodied crew. The DRBA moved for summary judgment, and

the District Court granted its motion.

The District Court had jurisdiction over this action pursuant to the Jones Act, 49

U.S.C. § 688 *et seq.*, and under general maritime law, 28 U.S.C. § 1333; we have

appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II. Standard of Review

Our standard of review of the entry of summary judgment in favor of the DRBA is

plenary. *See Hines v. CONRAIL*, 926 F.2d 262, 267 (3d Cir. 1991).

## III. Relevant Statutes and Principles

The Jones Act provides for recovery by a seaman or woman for personal injuries

suffered in the course of his or her employment in an action at law; it extends to seamen

and women the same rights accorded railway workers under the Federal Employers

Liability Act ("FELA"). *See American Dredging Co. v. Miller*, 510 U.S. 443, 456

(1994). Though a plaintiff alleging claims under the Jones Act must prove the traditional

elements of negligence – duty, breach, notice, and causation – the standard of proof for

---

[1]Also filed were claims for maintenance and cure, and punitive damages, both of which were resolved by the District Court.

3

causation when asserting negligence under the Jones Act is relaxed, sometimes termed "featherweight." *Evans v. United Arab Shipping Co. S.A.G.*, 4 F.3d 207, 210 (3d Cir. 1993). "Causation is satisfied if 'the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury.'" *Wilburn v. Maritrans GP, Inc.*, 139 F.3d 350 (3d Cir. 1998) (quoting *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957)).

Because, "[i]n a Jones Act case, a trial court can direct a jury verdict against a plaintiff only in those extremely rare instances where there is a *zero probability* either of employer negligence or that any such negligence contributed to the injury of an employee," *Southard v. Independent Towing Co.*, 453 F.2d 1115, 1118 (3d Cir. 1971) (emphasis in original) (internal quotation omitted), this Court has stressed that cases involving injuries to seamen or women are almost always appropriate for the jury. "Issues of negligence in a Jones Act suit are questions for the jury to determine, and the jury plays a preeminent role in Jones Act cases." *Id.* (internal quotations omitted).

As to seaworthiness, the owner of a vessel has an absolute and non-delegable duty to provide a seaworthy ship. *See Mahnich v. Southern S.S. Co.*, 321 U.S. 96 (1944). The Supreme Court has articulated the standard as "not perfection, but reasonable fitness." *Mitchell v. Trawler-Racer, Inc.*, 362 U.S. 539, 550 (1960).

A claim of unseaworthiness targets a condition – how that condition came into

being, whether through negligent behavior or otherwise, is irrelevant to liability.[2] "It makes no difference to the shipowner's liability that he lacked complete control over the instrumentality causing injury, or that he had neither actual nor constructive notice of the unseaworthy condition." *Edynak v. Atlantic Shipping, Inc.*, 562 F.2d 215 (3d Cir. 1977) (citations omitted). In this way, the doctrine is a species of liability without fault. Unlike the Jones Act, however, the doctrine of unseaworthiness imposes more than a "featherweight" standard of proof of causation. A plaintiff must "show not only that the act or omission played a substantial part in bringing about or actually causing the injury to him, but also that the injury was either a direct result or a reasonably probable consequence of the act or omission." 1B-III Benedict on Admiralty § 28 (2004).

As a general rule, contributory negligence by a seaman or woman will not defeat one's right to recovery; "[c]ontributory negligence is not an absolute defense under maritime law, but rather it is a basis to apportion damage," *American President Lines, Ltd. v. Welch,* 377 F.2d 501, 504 (9th Cir. 1967), *cert. denied*, 389 U.S. 940 (1968).

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing the grant of

---

[2]Unseaworthy conditions are not limited to physical defects; a method of stowage or an unfit crew can give rise to liability.

summary judgment, we must affirm if the record evidence submitted by the non-movant "is merely colorable or is not significantly probative." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

## IV. Discussion

The District Court rejected both Fasold's Jones Act and seaworthiness claims. Acknowledging the featherweight standard in Jones Act cases, the District Court nonetheless concluded that there was no evidence DRBA knew or should have known Fasold would injure herself attempting to lift a heavy object without assistance. Because she was not given a direct order to lift the keg and she failed to ask for assistance in doing so, the District Court determined, the DRBA was entitled to summary judgment on all negligence claims. Similarly, regarding Fasold's allegations of unseaworthiness, the District Court concluded that, in the absence of a direct order to move the keg without assistance, Fasold's injury had resulted from her own negligent use of an otherwise seaworthy vessel.

Though the standard of causation for claims brought pursuant to the Jones Act differs from that applicable to claims of unseaworthiness asserted under general maritime principles, Fasold presented evidence creating a genuine issue of fact as to the DRBA's knowledge of the type of problem she encountered and its duty to her. We conclude that she was entitled to have a jury hear her claims under both theories.

6

Fasold looked briefly for a male crew member who might assist her in moving the keg, but to no avail. There was testimony that often crew were not always willing or able to help, as they were busy with their own duties. The record demonstrated that there had been problems in the past with women having to lift heavy objects, the unsuitability of hand trucks and the size of the crew being insufficient to handle all the work aboard the ship. The hand truck usually employed to move kegs and other heavy objects was not in its proper location and not available. Such hand trucks, Fasold has alleged, were frequently missing or left ashore. Fasold felt under pressure to get her work done and attempted to move the beer keg herself in order to carry out her duties, which she did not perceive as optional at a time when clean up was essential. While a jury might determine Fasold's actions contributed to her injury and apportion liability accordingly, that does not foreclose her claims. Based on the evidence in the record before us, and the applicable standard, she has adduced enough evidence to entitle her to have her claims heard by a jury. *See Southard.*, 453 F.2d at 1118.

## V. Conclusion

For the reasons stated above, we will REVERSE the District Court's grant of summary judgment to Defendant-Appellee DRBA.