

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2005

# Lowe v. Loud Records

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4812

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lowe v. Loud Records" (2005). *2005 Decisions*. Paper 1438.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1438

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-4812

MICHAEL A. LOWE
Appellant

−vs−

LOUD RECORDS, SCOTT STORCH, ALVIN NATHANIEL JOINER p/k/a XZIBIT,
HENNESY FOR EVERYONE MUSIC, ANDRE YOUNG p/k/a DR. DRE, AIN'T
NUTHIN' ON BUT FUNKIN' MUSIC, MELVIN F. BRADFORD, HARD WORKIN'
BLACK FOLKS MUSIC, COLUMBIA RECORDS, INC. and VOVO MUSIC d/b/a
ALEXRA MUSIC

On Appeal from an Order Granting Summary Judgment and Imposing Sanctions
in the Eastern District of Pennsylvania
D.C. Civil No. 01-cr-01797
District Judge: Robert F. Kelly

Submitted Pursuant to Third Circuit LAR34.1(a)
January 19, 2005

Before: ALITO, McKEE, and SMITH, Circuit Judges

(Filed: March 23, 2005)

OPINION

McKEE, Circuit Judge

     Michael A. Lowe appeals from an Order Granting Summary Judgment and

Imposing Sanctions entered by the district court. For the reasons that follow, we will

affirm.

## I[1]

Inasmuch as we are writing only for the parties, we need not set forth the factual or procedural background of this appeal except insofar as may be helpful to our brief discussion. We have appellate jurisdiction over the district court's final order granting summary judgment pursuant to 28 U.S.C. § 1291. The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Fed. R. Civ. P. 56(c) sets forth the standard for granting summary judgment. Specifically, such a grant is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of fact and the moving party is entitled to a judgment as a matter of law." Accordingly, we must affirm if the evidence submitted by the non-movant is "merely colorable" or is not significantly probative. *Fasold v. Del. River & Bay Auth.*, 2004 U.S. App. LEXIS 26709, 6 (3d Cir. 2004), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## II

A copyright owner must prove ownership of a valid copyright, and show that someone else copied the elements of the original work to establish a cause of action for

---

[1] Our review is plenary. *Carrasca v. Pomeroy*, 313 F. 3d 828, 832-33 (3d Cir. 2002). Accordingly, we apply the same test employed by the district court under Rule 56(c), Federal Rules of Civil Procedure. *Id.*, and determine if the district court was correct in concluding that "there is no genuine issue of material fact and [that] the moving party is entitled to judgment as a matter of law." Id. (quoting F.R.C.P. 56(c)).

copyright infringement. *Feist Publications, Inc. v. Rural Tel Serv. Co.*, 499 U.S. 340, 361 (1991). Here, assuming *arguendo* that Lowe could meet that burden, by his own admissions, he granted a license for Storch to use the beat Lowe claims to have created. Given that license, Lowe can not establish a cause of action for copyright infringement. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1338 (9th Cir. 1990).

The law does not require an express, or written license. In appropriate circumstances, a license may be implied by conduct. *MacLean Assoc., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 779 (3d Cir. 1991) (citations omitted). Circumstances establishing permission, or even lack of objection, can establish a nonexclusive license. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996). However, since a non-exclusive, or implied, license does not transfer ownership, there may still be a claim of copyright infringement if the licensed use goes beyond the scope of the license. *MacLean*, 952 F.2d at 779.

However, Lowe testified that he gave Storch the beat so that Storch could give it to Dr. Dre for a song, and that is exactly what happened. Lowe suggests that the defendants must come forward with evidence other than Lowe's own testimony to establish a license. However, Lowe fails to realize that his own testimony is evidence that establishes the license necessary to defeat his claim.

**III.**

3

Lowe also challenges the award of attorney's fees. We review the district court's order awarding attorney's fee for abuse of discretion under §§ 505 of the Copyright Act. *See also, Gen'l Universe Systems, Inc. v. World Trade Systems, Inc.*, 379 F.3d 131, 148 (5th Cir. 2004) (holding that such fees are "discretionary but routinely awarded"). A district court is entrusted with considerable discretion to determine whether an award should be granted to the prevailing party, and, if so, whether the amount requested is "reasonable under the circumstances." *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 155-56 (3d Cir.1986).

While there is no requirement of bad faith in determining whether to award attorneys' fees and costs, a court must be evenhanded in exercising its decision. *Id.* Relevant factors include, but are not limited to, the following: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 535 n. 19 (1994).

Once a court concludes that an award of attorney's fees and costs is appropriate, it must determine the reasonableness of the award under the circumstances. *Lieb,* 788 F.2d at 156. The reasonableness may depend on such considerations as the complexity of the litigation, the relative financial strength of the parties, damages and the level of culpability of the offending party. Given the complexity of the issues here, the number of defendants Young had to defend as a result of Lowe's frivolous claims, and the time

4

involved, we can not conclude that the district court abused its discretion in awarding the amount of fees it did.

## IV.

Based on the foregoing analysis, we will affirm the Orders of the district court, granting summary judgment and granting an award of attorney's fees and costs.

---------------------