**NOT RECOMMENDED FOR PUBLICATION**
File Name: 08a0656n.06
Filed: October 31, 2008

Nos. 07-2290; 08-1184

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| National Business Development Services, Inc., | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| American Credit Education and Consulting, Inc.; National Financial Credit, Inc.; *et al.* | ) | STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| | ) | |

**BEFORE:     KEITH, MERRITT, and GIBBONS, Circuit Judges**

**MERRITT, Circuit Judge.**  These two cases present three issues on appeal.  In the first case, No. 07-2290, plaintiff, National Business Development Services, Inc., appeals the district court's orders dismissing its claims for unfair competition and copyright infringement.  In the second case, No. 08-1184, plaintiff appeals the district court's subsequent decision to award attorney's fees to defendants.  For the reasons stated by the district court, we affirm.

**Background**

National Business Development Services, Inc. is a company that helps consumers manage their credit and repair their credit history.  In 1998, its predecessor in interest, National Credit Repair Services, Inc., developed a series of educational materials (including workbooks and audiotapes),

which it registered with the U.S. Copyright Office.  On March 15, 2007, plaintiff sued American Credit Education and Consulting, Inc., along with twelve other corporate and individual defendants, alleging that defendants had unlawfully used plaintiff's copyrighted educational materials.

On May 23, 2007, the district court dismissed plaintiff's unfair competition claim, concluding that when a Lanham Act claim is based on the alleged use of copyrighted materials, that claim must be pursued under copyright law unless the plaintiff has pleaded the physical taking and repackaging of plaintiff's materials.  Because plaintiff did not make these allegations, the court concluded that plaintiff had failed to state a cause of action.

On August 8, 2007, the district court dismissed plaintiff's copyright infringement claim, concluding that plaintiff had failed to allege which action or publication by the defendant had infringed the plaintiff's copyright.  In doing so, the court concluded that plaintiff had no evidence that defendants had infringed its copyrights and was trying to use discovery to determine whether defendants had *in fact* done anything wrong.

Defendants then moved for attorney's fees and were awarded $19,183.62 based on the district court's determination that plaintiff's copyright infringement claim "was frivolous, unreasonable, and deserving of deterrent action."

**Discussion**

*A. Lanham Act Claim*

In *Dastar Corp. v. Twentieth Century Fox Film Corp.*, the Supreme Court held that § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), did not apply to a case in which the defendant had taken video content from an old television series (which had entered the public domain when its copyright

expired), made minor alterations to it, and published a new video set under its own name. 539 U.S.

23 (2003). The Court distinguished the case from a hypothetical one in which the plaintiff "had

bought some of [defendant's] videotapes and merely repackaged them as its own," which would have

constituted a Lanham Act violation. *Id.* at 31. The Court considered the meaning of the phrase

"origin of goods" in § 43(a) and concluded that it "refers to the producer of the tangible goods that

are offered for sale, and not to the author of any idea, concept, or communication embodied in those

goods." *Id.* at 37. In other words, taking tangible goods and reselling them as your own constitutes

a Lanham Act violation; taking the intellectual property contained in those goods and incorporating

it into your own goods does not. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 149 (5th Cir.

2004); *Zyla v. Wadsworth, Div. of Thomson Corp.*, 360 F.3d 243, 252 (1st Cir. 2004). The district

court accurately applied the holding of *Dastar*, noting:

> Plaintiff has not accused Defendants of taking Plaintiff's physical materials,
> repackaging them, and selling them under Defendants' name. Rather, Plaintiff has
> accused Defendants of incorporating Plaintiff's copyrighted materials into
> Defendants' materials. As the Fifth Circuit held in *Lee*, this type of claim is
> governed by copyright law, not the Lanham Act. Therefore, Plaintiff has failed to
> plead a cause of action under the Lanham Act.

We agree.

*B. Copyright Infringement Claim*

Plaintiff's complaint states, in relevant part that: "At some time in the past, at a time not

presently known[,] the individual Defendants . . . began to advertise, promote or offer for sale to the

general public, educational materials, brochures, and other derivative works, which incorporate the

copyrighted materials of the Plaintiff in the Registered Copyrighted Works." At no point does the

complaint identify any specific works by defendants that infringe on plaintiff's copyright. The Supreme Court recently clarified the pleading standards required by the Federal Rules of Civil Procedure: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted) (alteration in original). As the district court noted:

> In the instant case, Plaintiff's complaint contains a blanket assertion of entitlement to relief, but does not contain any factual allegations supporting that assertion. There is neither (1) an identification of a work produced by Defendants that infringes upon Plaintiff's copyrighted work, nor (2) a description of the manner in which Defendants' works infringe upon Plaintiff's work. . . . [T]he Court is not required to accept Plaintiff's bare legal conclusions. Plaintiff's complaint amounts to no more than a speculative claim that Defendants may have produced some work that in some way infringed upon Plaintiff's works. This pleading is insufficient, and Plaintiff's action must be dismissed.

We agree.

Plaintiff asked this court to determine whether *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), rather than *Bell Atlantic*, should be used to determine the specificity with which a complaint must be filed. Plaintiff specifically asserted that *Erickson*, which was issued by the Supreme Court after *Bell Atlantic*, set forth a more liberal standard.

The district court correctly applied *Bell Atlantic*, as the facts of the instant case are more akin to those at issue in *Bell Atlantic*. *Erickson* concerned a *pro se* litigant, "and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S. Ct. at 2200. *Bell Atlantic*, however, concerned an anti-trust matter,

where the case emphasized the heightened possibility for abuse among lawsuits of this specie. *Bell Atlantic*, 127 S. Ct. at 1965, 1970 n.10, 1973 n.14 (finding that "[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires . . ."). Copyright infringement, like anti-trust actions, lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case. Therefore, greater particularity in pleading, through showing "plausible grounds," is required. "Asking for plausible grounds . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.* at 1965.

In this case, plaintiff did no more than plead bare legal conclusions. It failed to even allege which, if any, of defendants' materials were infringing. Therefore, it cannot survive a Rule 12(b)(6) motion.

*C. Attorney's Fees*

The Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States" and that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In exercising this discretion, courts may consider factors such as "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 1033 & n.19 (1994) (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986).

The district court considered these factors and held that the copyright infringement claim "was frivolous, unreasonable, and deserving of deterrent action." In doing so, it concluded that plaintiff had "filed a complaint with no genuine idea as to whether a claim existed" and, in failing to obtain the deposit materials, had exhibited a general indifference to the merits of the claim. These findings of fact are not "clearly erroneous," nor did the court "improperly appl[y] the law," nor did it use "an erroneous legal standard," *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir. 1998) (quotation omitted). Therefore, we affirm the award of attorney's fees.

## Conclusion

For the foregoing reasons, the decisions of the district court are AFFIRMED.